By the Court.

In a clear case where no evidence is offered tending to prove any felonious intent charged in the indictment, the court would arrest the prosecution; but they will always be careful in interposing between the State or prisoner and the jury, in a consideration of the facts.
The indictment for burglary must lay a felonious intent, and such intent must be pi’oved. It may lay several intents in several counts; one of which must be proved. This indict'ment lays two intents, viz: to steal, and to ravish; and the question is, whether there is any evidence which the court ought to suffer to go to the jury, tending to prove either of these intents. It being proved that the prisoner in the night, attempted to force open the door of a house in a retired situation, and in which he knew there was an unprotected female; and this after he had made a technical breaking and entering of the house, by opening the window and thrusting his hand through the door; we cannot feel justified in stopping the cause and saying, there is no evidence upon which the jury may find the intent to ravish. We shall, however, say to the jury, that they must be satisfied that the evidence proves the identical intent charged, and that the prisoner is entitled to the benefit of any doubt.
Judge Layton dissented, thinking there was no evidence which ought even to be left to the jury to' find a felonious intent.
The defendant was acquitted.